UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS,<br><br>          Plaintiff,<br><br>    v.<br><br>CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, et al.,<br><br>          Defendants. | Case No.  20-cv-09282-EMC<br><br>**ORDER OF DISMISSAL**<br><br>Docket No. 25 |

## I.     INTRODUCTION

Plaintiff Melvin Simmons, a California state prisoner incarcerated at the California Correctional Institution, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 ("Complaint"), and named seven defendants. *See* Docket No. 1. The Honorable Lucy H. Koh reviewed the Complaint pursuant to 28 U.S.C. §§ 1915, 1915A, and dismissed the Complaint with leave to amend in part. *See* Docket No. 12. This action subsequently was reassigned to the undersigned. *See* Docket Nos. 16-17.

Mr. Simmons filed a first amended complaint ("FAC"), which the Court screened. *See* Docket No. 13; *see also* 28 U.S.C. §§ 1915, 1915A (requiring a court to screen all prisoner filings). The Court dismissed the FAC with leave to amend in part, and without leave to amend as to claims for which Mr. Simmons lacked standing, which were not cognizable in a federal civil rights proceeding, or which Mr. Simmons had failed to support with facts despite a previous caution from Judge Koh. *See* Docket No. 21 at 9-15. The Court also dismissed defendants who were not personally involved in the wrongs alleged by Mr. Simmons. *See id.* at 7-9.

Rather than filing a second amended complaint, Mr. Simmons filed a "motion for leave of court for the vindication of" his civil rights "in conjunction with Cal Civil Code § 3412"

("Vindication Motion"), and a motion for relief from the Court's screening order ("Reconsideration Motion"). *See* Docket Nos. 22, 23. The Court denied these motions, and gave Mr. Simmons "one final chance" to provide facts to support his Eighth Amendment claims regarding excessive force and conditions of confinement. See Docket No. 24 at 5-6. The Court clearly stated that a "[f]ailure to file the second amended complaint by the deadline **will** result in the dismissal of the action." *Id*. at 8 (emphasis in original).

Mr. Simmons again failed to file a second amended complaint. Instead, Mr. Simmons filed a "motion for relief from judgment." Docket No. 25. This motion does not provide facts to support the Eighth Amendment claims previously brought by Mr. Simmons. Instead, it appears to complain of health care fraud; to allege some undefined loss of property; and to challenge his detention and the rights and privileges he has lost because of his detention. *See generally, id*.

Mr. Simmons failed to provide any facts to support his Eighth Amendment claims, and thus failed to remedy the defects in his original and first amended complaints. This Court has advised him of those defects, and provided detailed instructions on how to remedy them, on two separate occasions. Considering Mr. Simmons's repeated failures, the Court concludes that he is unable to remedy these defects and that further leave to amend would be futile. Mr. Simmons's motion is **DENIED** and this action is **DISMISSED**.

To the extent Mr. Simmons seeks release from confinement, he must pursue such relief via a habeas action. *See* Docket No. 24 at 2-3 (explaining that Mr. Simmons must pursue release via a habeas petition and directing him to the Central District of California).

This action is **DISMISSED** with **PREJUDICE**. The Clerk shall terminate all pending motions and close the file. No further filings will be accepted in this closed action.

**IT IS SO ORDERED AND ADJUDGED**.

Dated: March 25, 2024

_____
EDWARD M. CHEN
United States District Judge

2